IN THE UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF ARKANSAS
FAYETTEVILLE DIVISION

BLAKE ALLEN BREWER                                                                           PLAINTIFF

v.                                       Civil No. 5:24-cv-05233-TLB-CDC

DETECTIVE LIRA, Centerton Police
Department (CPD); OFFICER BLOWER,
CPD; and OFFICER DEVERA, CPD                                                            DEFENDANTS

## MAGISTRATE JUDGE'S REPORT AND RECOMMENDATION

This is a civil rights action filed pursuant to 42 U.S.C. § 1983. Pursuant to the provisions of 28 U.S.C. § 636(b)(1) and (3), the Honorable Timothy L. Brooks, Chief United States District Judge, referred this case to the undersigned for the purpose of making a Report and Recommendation. The case is before the Court on Plaintiff's failure to obey the orders of the Court.

### I. BACKGROUND

Plaintiff is incarcerated in the Ouachita River Unit of the Arkansas Division of Correction, and is proceeding *pro se*. He originally filed this lawsuit on November 12, 2024, bringing claims against three members of the Centerton Police Department. *See* ECF No. 1. After discovery was conducted, all three Defendants filed motions for summary judgment on the merits on August 25, 2025. *See* ECF Nos. 28, 32. That same day and the following day, this Court entered orders directing Plaintiff to file responses to those motions for summary judgment by September 15 and 16, 2025. *See* ECF Nos. 31, 35. However, those orders were returned as undeliverable from the facility where Plaintiff had previously been incarcerated. *See* ECF Nos. 38, 39. After defense counsel informed the Court of Plaintiff's new address—which was properly Plaintiff's

1

responsibility, *see* ECF No. 3—this Court mailed its previous orders to Plaintiff's new address and *sua sponte* extended his summary judgment response deadline to October 14, 2025. *See* ECF No. 41. This order extending his deadline was never returned as undeliverable, but the deadline passed with no response ever being received from Plaintiff. On October 17, 2025, the Court entered an Order giving Plaintiff 21 days to show cause why he failed to obey the prior Order, and warning that if he failed to respond by this deadline, "this case shall be subject to dismissal." *See* ECF No. 42. The show-cause order was also never returned as undeliverable, and likewise never received any response from Plaintiff.

The Federal Rules of Civil Procedure specifically contemplate dismissal of a case on the ground that the plaintiff failed to prosecute or failed to comply with an order of the court. Fed. R. Civ. P. 41(b); *Line v. Wabash R.R. Co.,* 370 U.S. 626, 630-31 (1962) (stating that the district court possesses the power to dismiss *sua sponte* under Rule 41(b)). Pursuant to Rule 41(b), a district court has the power to dismiss an action based on "the plaintiff's failure to comply with *any* court order." *Brown v. Frey*, 806 F.2d 801, 803-04 (8th Cir. 1986) (emphasis added). Additionally, Rule 5.5(c)(2) of the Local Rules for the Eastern and Western Districts of Arkansas requires parties appearing *pro se* to monitor the case, and to prosecute or defend the action diligently. Therefore, Plaintiff's case should be dismissed for failure to comply with the Court's Local Rules and orders and for failure to prosecute this case.

The only remaining question is whether the dismissal should be with or without prejudice. A dismissal under Rule 41(b) operates as an adjudication on the merits unless otherwise specified. Fed. R. Civ. P. 41(b); *Brown v. Frey*, 806 F.2d 801, 803 (8th Cir. 1986). "At the same time, however, 'dismissal with prejudice under Rule 41(b) is a drastic sanction which should be exercised sparingly.'" *Id.* (quoting *Pardee v. Stock*, 712 F.2d 1290, 1292 (8th Cir. 1983)). "The

district court's exercise of this power is within the permissible range of its discretion if there has been a clear record of delay or contumacious conduct by the plaintiff." *Id.* (internal citation and quotations omitted). In considering a Rule 41(b) dismissal, the Court must balance "the degree of egregious conduct which prompted the order of dismissal and to a lesser extent . . . the adverse impact of such conduct upon both the defendant and the administration of justice in the district court." *Rodgers v. Curators of University of Missouri*, 135 F.3d 1216, 1219 (8th Cir. 1998) (internal quotations omitted). In reviewing a dismissal with prejudice, the Eighth Circuit considers "whether in the particular circumstances of the case, the needs of the court in advancing a crowded docket and preserving respect for the integrity of its internal procedures are sufficient to justify the harsh consequences of forever denying a litigant of his day in court." *Id.* "However, the district court need not have found that [the plaintiff] acted in bad faith, only that he acted intentionally as opposed to accidentally or involuntarily." *Id.*

The Court's last order directing Plaintiff to respond to Defendants' motions for summary judgment and the Court's show-cause order have not been returned as undeliverable, suggesting that Plaintiff has received these orders and has simply decided not to respond to them. Further, the Court notes that Plaintiff never complied with his obligation to keep this Court apprised of any changes in his address. Finally, the Court recognizes that Defendants have expended resources conducting discovery and preparing motions for summary judgment. On this record, therefore, the undersigned finds that Plaintiff's failure to comply with court orders was intentional, as opposed to accidental or involuntary, and that his failure to respond to two court orders or to communicate with this Court, combined with the resources expended by the Defendants (and by this Court), warrant this case being dismissed with prejudice.

## II.  CONCLUSION

Accordingly, it is recommended that this case be **DISMISSED WITH PREJUDICE** based on Plaintiff's failure to prosecute this case and his failure to obey the orders of the Court.

**The parties have fourteen days from receipt of the Report and Recommendation in which to file written objections pursuant to 28 U.S.C. § 636(b)(1).  The failure to file timely objections may result in waiver of the right to appeal questions of fact.  The parties are reminded that objections must be both timely and specific to trigger de novo review by the district court.**

**DATED** this **20th day of November 2025**.

/s/ *Christy Comstock*
HON. CHRISTY COMSTOCK
UNITED STATES MAGISTRATE JUDGE